UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN REGINAL SHAW,<br>Plaintiff,<br>v.<br>JESSICA MARSHALL, et al.,<br>Defendants. | Case No.: 3:26-cv-03262-CAB-SBC<br>**ORDER DENYING MOTION TO PROCEED IFP**<br>**[Doc. No. 2]** |

On May 27, 2026, Plaintiff Shaun Reginal Shaw, proceeding pro se, sued Defendants Jessica Marshall, Victoria F. Ramirez, and Courtney Denice, pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civ. L.R. 4.5(a). But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A]

plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff states his income is $550 per month from his employment with ACE Parking, which began on or around April 3, 2025.[1] [Doc. No. 2 at 2.] However, Plaintiff does not explain whether he receives other income, including gifts or family support, or has any expenses, including food, transportation, rent, or a mortgage. [*See id.* at 3–5.] Plaintiff's IFP application lacks sufficient particularity. The Court therefore **DENIES** his motion to proceed IFP. Plaintiff must file an amended application by **<u>September 21, 2026</u>**, or the case shall be **DISMISSED**.

It is **SO ORDERED**.

Dated: August 21, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] Plaintiff's IFP application has a discrepancy regarding his monthly reported income. Plaintiff first states his average monthly income is $500 per month from employment, [Doc. No. 2 at 1], but while listing his employment history, he states his income is $550 per month from his employment with ACE Parking, [Doc. No. 2 at 2].